UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MATTHEW WIEGMAN,                              )
                                             )
                    Plaintiff,               )
                                             )
        v.                                   )        No. 1:24-cv-01930-SEB-TAB
                                             )
ELEVANCE HEALTH, INC.,                       )
ANTHEM INSURANCE COMPANIES, INC.,            )
                                             )
                    Defendants.              )

**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS (DKT 26 AND DKT 41)**

Before the Court are two virtually identical Motions to Dismiss the Amended Complaint (Dkt 26 and Dkt 41), both filed pursuant to Rule 12(b)(6), Fed. R. Civ. P., on the grounds that certain counts as set forth in the Amended Complaint fail to state claims upon which relief can be granted. Plaintiff has sued Elevance Health, Inc. ("Elevance") as well as Anthem Insurance Companies, Inc. ("Anthem") (jointly "Defendants"). The Motions to Dismiss are **DENIED** for the following reasons.

To survive a motion to dismiss for failure to state a claim, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim meets the facial plausibility threshold "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When ruling on a motion to dismiss, courts must construe "all well-pleaded allegations of the complaint as true and view [ ] them in the light most favorable to the plaintiff." *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000).

Plaintiff Matthew Wiegman ("Mr. Wiegman"/"Plaintiff") alleges that he is a licensed insurance broker in Indiana and elsewhere and worked for many years with his business partner Alan Sword, who is also a licensed insurance broker in the same territory as Mr. Wiegman. From late 2015 to late 2023, Mr. Wiegman solicited applications for insurance policies on behalf of Anthem Blue Cross Blue Shield and its affiliate companies pursuant to a contract referred to as "Anthem Affiliates Consolidated Producer Agreement." (the "Agreement"). The working relationship was apparently quite productive for both parties to the Agreement, but on December 15, 2023, Mr. Wiegman received a letter informing him that his appointments pursuant to the Agreement were being terminated, effective immediately. The facts leading up to that separation are more protracted and detailed that we need to track here, but they form the substance of Mr. Wiegman's lawsuit against Elevance and Anthem.

The Amended Complaint advances seven separate causes of action against defendants: Count **I** – Violation of Stored Communications Act; Count **II** -- Computer Trespass; Count **III** – Breach of Contract; Count **IV** – Unjust Enrichment (Against Elevance); **Count V** -- Defamation Per Se; **Count VI** – Tortious Interference with a Business Relationship; and **Count VII** – Tortious Interference with Contractual Relations. Elevance's Motion to Dismiss (Dkt 26) challenges the legal sufficiency of Counts II, IV, V, VI and VII. Anthem's Motion to Dismiss (Dkt 41) challenges the legal sufficiency of Counts V, VI and VII.

Defendants' Motions to Dismiss, in general, fault certain alleged deficiencies in the form of the pleadings in the various counts: regarding Count III (Breach of Contract) Elevance argues that Elevance is not a party to the Agreement with Mr. Wiegman and that Anthem and Elevance are not interchangeable corporations functioning as one; since Elevance is not a party to the Agreement, there is no viable breach of contract claim against it. Mr. Wiegman rejoins that his

breach of contract claim applies to Elevance the same as it applies to Anthem, that Anthem is a mere instrumentality of Elevance, indeed, is one of eighteen subsidiaries of Elevance, and that the two entities should be treated as the same.  In addition, there is some evidentiary support to suggest that in terms of Mr. Wiegman's rights and obligations under the Agreement and the circumstances surrounding his termination, the entities acted interchangeably.

Defendants challenge Count IV (Unjust Enrichment against Elevance only) on the grounds that, in framing his alternative theory of entitlement to recovery, the Amended Complaint fails to allege in conferring a benefit on Mr. Wiegman that he had acted at Elevance Health's express or implied request.  Mr. Wiegman responds by arguing that his unjust enrichment claim properly includes the three essential elements of such a cause of action and that Elevance's argument to the contrary is based on a partial, inaccurate description of the claim.  In any event, because a plaintiff is not required to plead exhaustive factual details, what has been alleged in the Amended Complaint is sufficient to put Elevance on notice so that it can muster a defense.

Defendants also challenge the adequacy of Count V (Defamation Per Se) based on the alleged statements by an employee of defendants, Alan Veal, that Mr. Wiegman maintains were defamatory.  Defendants argue that because the Amended Complaint does not specifically state that Mr. Veal's defamatory statements were made in the course of his employment and at the direction or behest of Elevance, Elevance cannot be found liable under a theory of *respondeat superior.*  Defendants argue in their motion (page 5),  "Wiegman's Amended Complaint merely restates the test for  imposing liability under the doctrine of *respondeat superior* without providing any factual support."  Citing the two grounds for proving "scope of employment" recognized under Indiana law (page 8), Mr. Wiegman maintains that they both are sufficiently

included in the Amended Complaint, to wit, "defamatory statements 'incidental to authorized conduct'" and "statements that 'further(ed) the employer's business to an appreciable extent.'" (*Burton*, 140 N.E. 3d. 848, 852 (Ind. 2020).

Finally, Defendants challenge the sufficiency of the two interference claims (Counts VI and VII) – (interference with business relations with clients, and interference with his contractual relations with Anthem itself, respectively), arguing that neither claim alleges an absence of justification for the actions taken by defendants vis-à-vis Mr. Wiegman's contractual rights under the Agreement.  For a plaintiff to succeed on an interference claim, under Indiana law, there must be an "absence of justification." *Pierce v. Zoetis*, Inc. 818 F. 3e 274, 278 (7th Cir. 2016).  Defendants contend that because the Amended Complaint acknowledges the existence of a legitimate business reason behind each action which made them justifiable, Mr. Wiegman has pled himself out of court.  Mr. Wiegman defends the ways in which these two claims have been crafted, explaining that they actually allege that the decision to terminate the contract was not justified because defendants acted without a legitimate business purpose and that the conduct of defendants surrounding his termination was "anything but 'fair and reasonable under the circumstance'." (Doc.38, Page 10)

The Motions to Dismiss are unavailing for the primary reason that each attack on the respective causes of action in the Amended Complaint is based on its alleged evidentiary rather than legal deficiency.  Defendants' motions argue that Plaintiff cannot prevail on the five challenged counts because the evidence available to Plaintiff won't support a finding of liability. That objection is at best premature.  Plaintiff has made clear in his responses to the motions to dismiss his view that each of these counts is legally sufficient.  We assume he has a clear understanding of what he must prove at trial and how to go about it.  Whether the issues raised in

Defendants' motions to dismiss prompt him (perhaps in an excess of caution) to restate again his claims into a Second Amended Complaint is a decision Plaintiff must make. Prudence might dictate that Plaintiff review the technicalities as to the specific identity of the individual corporate defendants in terms of who/which may be subject to liability under the Agreement in Count III, but if Plaintiff's counsel is confident that he has sued the right party/parties to secure the specific relief he seeks, the Court must yield to his judgment at this juncture. Similarly, since Plaintiff has indicated that he believes that he has properly framed his unjust enrichment, defamation and interference with contract claims with sufficient particularity to reflect both the essential legal elements of these claims in light of the evidence available to him to prove them, the Court for now accepts that determination. And so must defendants, at least at this point in the litigation. If ultimately, as Defendants predict, Plaintiff's proof will fail, the defendants' relief will be on summary judgment or at trial, not on a motion to dismiss.

**IT IS SO ORDERED:**

Date___3/31/2026_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Darren Andrew Craig
FBT Gibbons LLP
dcraig@fbtgibbons.com

Caylee R Hamilton
FBT Gibbons LLP
chamilton@fbtgibbons.com

Kandi Kilkelly Hidde
FBT Gibbons LLP
khidde@fbtgibbons.com

Michael C. Merrick
KAPLAN JOHNSON ABATE & BIRD LLP
mmerrick@kaplanjohnsonlaw.com

Patricia Roman Hass
FBT Gibbons LLP
promanhass@fbtgibbons.com

Burt Anthony Stinson
Kaplan Johnson Abate & Bird LLP
cstinson@kaplanjohnsonlaw.com

Cameron Suzanne Trachtman
Frost Brown Todd LLP
ctrachtman@fbtgibbons.com