UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MATTHEW WIEGMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01930-SEB-TAB |
| | ) | |
| ELEVANCE HEALTH, INC., | ) | |
| ANTHEM INSURANCE COMPANIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| ANTHEM INSURANCE COMPANIES, INC., | ) | |
| ANTHEM INSURANCE COMPANIES, INC., | ) | |
| | ) | |
| Counter Claimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW WIEGMAN, | ) | |
| MATTHEW WIEGMAN, | ) | |
| | ) | |
| Counter Defendants. | ) | |
| | ) | |
| Senior Market Advisors, LLC, | ) | |
| | ) | |
| Miscellaneous. | ) | |

**ORDER ON MOTION TO QUASH SUBPOENA**

**I.     Introduction**.

Non-party Senior Market Advisors, LLC ("SMA") has filed a motion seeking to quash a

subpoena Plaintiff Matthew Wiegman served on SMA in June 2025.  [Filing No. 81.]

Alternatively, SMA asks the Court to issue a protective order narrowing the scope of the

subpoena and requiring Plaintiff to bear the costs of compliance.  The Court agrees with SMA's

description of the subpoena as "a textbook example of impermissible non-party discovery." [Filing No. 81, at ECF p. 1.]  Accordingly, the Court quashes the subpoena.

## II.    Discussion.

Wiegman's amended complaint alleges he is an Indiana licensed insurance broker and that for many years he contracted with Defendant Anthem Insurance Companies to solicit applications for insurance policies with Anthem Blue Cross Blue Shield and its affiliate companies.  [Filing No. 15, at ECF p. 2.]  However, Anthem terminated that relationship in December 2023.  [Filing No. 15, at ECF p. 3.]  Plaintiff responded with this lawsuit alleging a host of claims, prompting Anthem to file multiple counterclaims.  [Filing No. 43.]

The subpoena at issue requests 18 separate and independent categories of documents, including, without limitation, sweeping expansive requests seeking "all internal or external communications" with "anyone" relating "directly or indirectly" to an entire series of subjects including Wiegman, each of the Defendants, Senior Source Insurance, compensation issues, alleged misconduct, client transitions, and phone records.  [Filing No. 86-1.]  The subpoena's timeframes span from 2015 to the present in some instances, and July 2023 to the present in others.  After receiving the subpoena, SMA conducted a search using Wiegman's parameters, which resulted in 16,158 emails alone.  [Filing No. 81, at ECF p. 4.]

Non-parties are entitled to special protection from undue burden incident to subpoenas. *WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 895-96 (S.D. Ind. 2006) ("non-party status is a significant factor a court must consider when assessing undue burden for the purpose of a Rule 45 motion.").  By any measure, Wiegman's subpoena imposes an unreasonable and excessive burden upon non-party SMA.  SMA's search returned 16,158 emails alone, which will require SMA's counsel to review each email for confidentiality and privilege concerns.  The subpoena

reaches back in some instances more than 10 years—to 2015—and is not meaningfully cabined by key custodians. Moreover, at least some of the information Wiegman seeks should be in his own possession, or at least in that of the named Defendants. The subpoena is, in essence, a discovery free-for-all. Non-parties (much less parties) cannot fairly be subjected to such a massive overreach.

Wiegman argues that SMA has waived its objections to the subpoena. [Filing No. 86, at ECF p. 7.] SMA's reply brief decimates this argument [Filing No. 88, at ECF p. 2-3] and the Court need not address it further. However, Wiegman makes a valid point elsewhere. Specifically, Wiegman states that he made a proposal designed to substantially narrow SMA's response to the subpoena, i.e., to focus production solely on documents that hit on the terms "Wiegman" or "Senior Source," which appear to be only about 4,600 documents. [Filing No. 86, at ECF p. 3.] This is a reasonable narrowing of an otherwise overbroad subpoena. It is not clear to the Court why this narrowing was not acceptable to SMA. It should have been. However, the Court must focus on the subpoena that was served, not Wiegman's *post hoc* offers of compromise—however reasonable they may be.

### III. Conclusion.

SMA's motion to quash [Filing No. 81] is granted, and the subpoena at Filing No 86-1 is quashed. Wiegman's proposed narrowing of the now-quashed subpoena is reasonable and Wiegman and SMA should use this framework going forward. The Court is mindful that SMA has incurred legal expenses in bringing this motion to quash and undoubtedly will incur more even if the scope of this non-party discovery is narrowed as suggested. However, non-parties are not immune from ancillary burdens of litigation. The Court is not inclined to order cost-shifting if the subpoena is appropriately narrowed.

Date: 5/19/2026

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

3

Distribution:

Darren Andrew Craig
FBT Gibbons LLP
dcraig@fbtgibbons.com

Caylee R Hamilton
FBT Gibbons LLP
chamilton@fbtgibbons.com

Kandi Kilkelly Hidde
FBT Gibbons LLP
khidde@fbtgibbons.com

Michael C. Merrick
KAPLAN JOHNSON ABATE & BIRD LLP
mmerrick@kaplanjohnsonlaw.com

Patricia Roman Hass
FBT Gibbons LLP
promanhass@fbtgibbons.com

Katherine Mary Frances Slisz
FBT Gibbons LLP
kslisz@fbtgibbons.com

Burt Anthony Stinson
Kaplan Johnson Abate & Bird LLP
cstinson@kaplanjohnsonlaw.com

Anthony Varbero
Quintairos, Prieto, Wood & Boyer, P.A.
anthony.varbero@qpwblaw.com