UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MATTHEW WIEGMAN,<br><br>Plaintiff,<br><br>v.<br><br>ELEVANCE HEALTH, INC., et al.,<br><br>Defendants. | ) | No. 1:24-cv-01930-SEB-TAB |
| Senior Market Advisors, LLC,<br><br>Miscellaneous. | ) | |

**ORDER ON MOTION TO COMPEL**

Plaintiff Matthew Wiegman filed a motion seeking to compel Defendants Elevance Health, Inc. and Anthem Insurance Companies, Inc. to produce records provided to the Indiana Department of Insurance (IDOI) in connection with an administrative proceeding entitled *In the Matter of Matthew Wiegman*, Cause No. 22958-G24-0123-017. [Filing No. 95.] Defendants oppose the motion and argue that the records are protected by the work-product doctrine and request an *in-camera* review. [Filing No. 102.] The Court finds that the withheld records were not prepared in anticipation of litigation. However, even if they were, Plaintiff has a substantial need for them. Therefore, Plaintiff's motion [Filing No. 95] is granted without any need for an *in-camera* review.

## I. Background

Plaintiff is an insurance broker who had a contract to sell Anthem insurance policies. Plaintiff filed this lawsuit in November 2024 and asserts various causes of action against Anthem and its parent company Elevance related to Defendants' termination of his contract and alleged

wrongdoings during their pre-termination investigation. [Filing No. 15.] Among other claims, Plaintiff alleges that Defendants lacked cause to terminate the contract and illegally accessed his email and cloud-based storage accounts when investigating the grounds for the termination.

Shortly after Plaintiff's termination, the IDOI initiated an administrative action against him. The IDOI's administrative proceeding was resolved before the discovery phase. [Filing No. 95-1, at ECF p. 11.] However, during this brief administrative proceeding, the IDOI provided Plaintiff copies of a December 18, 2023, letter from Defendants' outside counsel to the IDOI, in which Defendants requested an investigation of Plaintiff, and a "Final Case Summary" prepared by Defendants' investigator Beverly Murdick. [Filing Nos. 96-2, 96-3.] The Final Case Summary contains potential admissions related to unauthorized access to Plaintiff's Google Suite but does not contain many details regarding that access. In this lawsuit, Plaintiff has requested to depose Murdick, who Defendants identified as a Fed. R. Civ. P. 30(b)(6) deponent for several topics. However, Murdick has been unavailable due to a series of strokes and a prolonged medical leave. While Murdick was reportedly scheduled to return to work as of June 30, 2026, Defendants had yet to propose a date for her deposition as of the filing of Plaintiff's reply brief. [Filing Nos. 109, at ECF p. 10; 109-1.]

In April 2025, Plaintiff served Request for Production No. 21, which sought "[a]ll communications from January 1, 2023, to present between any representative of Anthem or Elevance, and any representative of any governmental agency relating in any way directly or indirectly to Wiegman." [Filing No. 95-7, at ECF p. 8.] Thus, Request No. 21 encompasses documents exchanged between Defendants and the IDOI. In response to Request No. 21, Defendants asserted work-product protections and produced a privilege log, describing 52 withheld emails from its outside counsel to the IDOI, mostly from December 2023 and January

2024. [Filing No. 95-2.] Defendants' privilege log provided the same "Description/Basis" for withholding each email: "Privileged communication with government agency concerning its confidential investigation into misconduct and termination of Elevance Health employee and Anthem producers." [Filing No. 102-1.]

Despite meet and confers and a S.D. Ind. Local Rule 37-1 conference, the dispute remains unresolved.

**II. Discussion**

Defendants—as the parties withholding responsive materials—bear the burden of proving that the work-product doctrine applies. *See Atlanta Gas Light Co. v. Navigators Ins. Co.*, No. 1:20-cv-02441-JPH-TAB, 2022 WL 1156699, at *3 (S.D. Ind. Apr. 19, 2022). The work-product doctrine protects materials a party or its representative prepares in anticipation of litigation. Fed. R. Civ. P. 26(b)(3). "'The mere contingency that litigation may result is not determinative' as to whether the work product doctrine is applicable[.]" *Hamdan v. Indiana University Health North, LLC*, No. 1:13–cv–00195–WTL–MJD, 2014 WL 2881551, at *2 (S.D. Ind. June 24, 2014) (quoting *Binks Mfg. Co. v. National Presto Indus., Inc.*, 709 F.2d 1109, 1119 (7th Cir.1983)). "To be protected under the work-product doctrine, the primary motivating purpose behind the creation of the document or investigative report must be to aid in possible future litigation." *Indianapolis Airport Auth. v. Travelers Property Cas. Co.*, No. 1:13-cv-1316-JMS-TAB, 2014 WL 7360049, at *8 (S.D. Ind. Dec. 23, 2014). However, even materials protected by the work-product doctrine are discoverable if the requesting party has "substantial need for the materials" and "cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A).

The Court agrees with Plaintiff's contention that "Defendants have offered the Court no reason to believe that the withheld documents are work product prepared in anticipation of a case that Defendants themselves did not even file and which arose nearly a year after the documents were prepared." [Filing No. 109, at ECF p. 2.] According to Defendants' privilege log, Defendants withheld the emails as protected work product because the emails are "[p]rivileged communication[s] with [a] government agency concerning its confidential investigation into misconduct and termination of Elevance Health employee and Anthem producers." [Filing No. 102-1.] Thus, the explanation Defendants originally provided for withholding the emails was premised on the confidentiality applicable to the IDOI's investigation, not claims that the emails were prepared in anticipation of litigation.

Additionally, Defendants' reliance on the confidentiality provision of the Indiana statute related to an insurer's mandatory duty to report for-cause terminations to the IDOI is misplaced. Indiana Code § 27-1-15.6-15(e) contains this confidentiality provision and states as follows:

> (e) Confidentiality under this section is as follows:
> (1) Documents, materials, and other forms of information in the control or possession of the department that are:
> (A) furnished by:
> (i) an insurer or producer; or
> (ii) an employee or agent of an insurer acting on behalf of the insurer or producer; or
> (B) obtained by the commissioner in an investigation under this section;
> are confidential by law and privileged, are not subject to public inspection and copying under IC 5-14-3-3, are not subject to subpoena, and are not subject to discovery or admissible in evidence in any private civil action. However, the commissioner is authorized to use the documents, materials, or other information in the furtherance of any regulatory or legal action brought as a part of the commissioner's duties.

This confidentiality provision explicitly applies only to materials "in the control or possession" of the IDOI—not insurers. Plaintiff requested records from Defendants, not the IDOI. By

providing documents to the IDOI as required by Indiana law, insurers cannot manufacture discovery protections for the producer termination records in their own possession. Moreover, the fact that Ind. Code § 27-1-15.6-15(a) requires insurers to notify the IDOI of for-cause producer terminations and produce records pertaining to such terminations suggests that Defendants created the withheld emails with the primary purpose of complying with Indiana law—an ordinary course of their business—and not in anticipation of litigation. *See Hamdan*, 2014 WL 2881551, at *2 ("'[D]ocuments that are created in the ordinary course or business, irrespective of litigation, are not protected by the work product doctrine.'" (quoting *United States v. Cinergy Corp.*, No. 1:99–cv–1693–LJM–JMS, 2008 WL 5424007, at *1 (S.D. Ind. Dec. 30, 2008))).

Even if the withheld emails were produced in anticipation of litigation, they are discoverable because Plaintiff has a substantial need and equivalent evidence is not available without undue hardship. *See* Fed. R. Civ. P. 26(b)(3)(A). Plaintiff's computer trespass and Stored Communication Act claims require evidence of access to his email and cloud storage accounts, and the Final Case Summary suggests that communications flowing between Defendants' agents and the IDOI, such as the withheld emails, may contain such evidence. Defendants contend that Plaintiff can obtain equivalent evidence via written discovery or from the deposition of their investigator Murdick. [Filing No. 102, at ECF p. 15-16.] However, Plaintiff persuasively argues that written discovery does not "replicate the unique evidentiary value of the contemporaneous IDOI documents." [Filing No. 109, at ECF p. 11.] Plaintiff also expresses concerns that, even if Murdick's recent health issues do not preclude her deposition, she may "not be able to provide accurate, reliable testimony regarding information contained in the IDOI documents[, a]nd without access to the IDOI documents, Plaintiff will have no way to

check Ms. Murdick's memory against contemporaneous records." [Filing No. 109, at ECF p. 10-11.] Thus, Plaintiff has a substantial need for the withheld emails and equivalent evidence is not available without undue hardship.[1]

## III. Conclusion

For these reasons, Defendants' assertion of work-product protections fails, and Plaintiff's motion to compel [Filing No. 95] is granted. Defendants shall produce the withheld emails within 14 days of this order.

Date: 8/20/2026

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

[1] The parties' briefs devote substantial discussion to the issue of waiver. However, as the Court finds that the withheld documents are not work product and would need to be produced even if they were, it need not address this issue.